UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| JOSEPH F. O'BRIEN,<br><br>                    Plaintiff,<br><br>     v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the<br>Social Security Administration,<br><br>                    Defendant. | Civil No. CV 04-1415 (Mc)<br><br>MEMORANDUM OF DECISION<br>AND ORDER IN A<br>SOCIAL SECURITY CASE |

    The plaintiff, Joseph F. O'Brien, filed the present action for review of a final determination of the Commissioner of the Social Security Administration ("the Commissioner"). After reviewing the Administrative Record ("AR") and the applicable law, the court remands the action to the Commissioner for further administrative proceedings. Accordingly, the court grants judgment for the plaintiff and against the Commissioner.

///

///

///

///

**BACKGROUND**

On August 1, 1997, the plaintiff filed applications for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI").[1]  [AR 16-17, 67-69.]  These applications were denied initially and on reconsideration.  [AR 39-42, 44-48.]  At the plaintiff's request, an administrative hearing was held before Administrative Law Judge Lana H. Parke (the "ALJ") on January 26, 2000.  [AR 167-76.]  On June 6, 2000, the ALJ filed a decision concluding that the plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision.  [AR 16-23.]  On January 12, 2004, the Appeals Council denied the plaintiff's request for review of the ALJ's decision.  [AR 5-7.]  Accordingly, the decision of the ALJ stands as the final decision of the Commissioner.

On March 8, 2004, the plaintiff filed the present action.  The parties filed a joint stipulation on October 27, 2004.

**STANDARDS OF REVIEW**

The court must sustain the findings of the Commissioner unless: (a) they are not supported by substantial evidence in the record as a whole; or (b) the Commissioner applied an improper legal standard. See 42 U.S.C. § 405(g); Gordon v. Secretary of Health and Human Services, 803 F.2d 1071, 1072 (9th Cir. 1986).  Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971); Desrosiers v. Secretary of Health and Human

---

[1] In 1983, the plaintiff was deemed disabled and began receiving disability benefits.  On January 1, 1997, however, the plaintiff's benefits were terminated pursuant to Public Law 104-121, which extinguished disability benefits based on drug addiction or alcoholism.  [AR 17.]

1  Services, 846 F.2d 573, 576 (9th Cir. 1988).  "Substantial evidence"
2  is evidence a "reasonable mind might accept as adequate to support a
3  conclusion."  Richardson, 402 U.S. at 402; Gordon, 803 F.2d at 1072.
4       This Court must review the record as a whole and consider adverse
5  as well as supporting evidence.  See Green v. Heckler, 803 F.2d 528,
6  529-530 (9th Cir. 1986).  Where evidence is susceptible of more than
7  one rational interpretation, the court must sustain the Commissioner's
8  decision.  See Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir.
9  1984).

## THE FIVE-STEP SEQUENTIAL EVALUATION

11      The Commissioner has established a five-step sequential
12 evaluation for determining whether a person is disabled.  See 20
13 C.F.R. §§ 404.152, 416.920.  First, the Commissioner determines
14 whether the person is engaged in "substantial gainful activity."  If
15 so, the Commissioner denies disability benefits.  Second, if the
16 person is not so engaged, the Commissioner determines whether the
17 person has a medically severe impairment or combination of
18 impairments.  If the person does not have a severe impairment or
19 combination of impairments, the Commissioner denies benefits.  Third,
20 if the person has a severe impairment, the Commissioner determines
21 whether the impairment meets or equals one of a number of "listed
22 impairments."  If the impairment meets or equals a "listed
23 impairment," the Commissioner conclusively presumes that the person is
24 disabled.  See 20 C.F.R., Pt. 404, Subpt. P, App. 1.  Fourth, if the
25 impairment does not meet or equal a "listed impairment," the
26 Commissioner determines whether the impairment prevents the person
27 from performing past relevant work.  If the person can perform past
28 relevant work, the Commissioner denies benefits.  Fifth, if the person

cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work. The Commissioner can meet this burden by reference to the Medical-Vocational Guidelines ("Grids") at 20 C.F.R., Part 404, Subpart P, Appendix 2, or by relying on vocational expert testimony. See Penny v. Sullivan, 2 F.3d 953, 958-59 (9th Cir. 1993). The person will only be found entitled to disability benefits if he or she is unable to perform other work. See 20 C.F.R. § 404.1520; Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987).

**FINDINGS OF THE ALJ**

The plaintiff was born on December 21, 1946. [AR 67.] The plaintiff has a high school education, but does not have any vocationally relevant past work experience. [AR 17.] The plaintiff alleges that he has been unable to work since January 1, 1997, due to mental stress and an inability to take orders or work with others. [AR 70.]

The ALJ found that the plaintiff has not engaged in substantial gainful activity since his alleged onset date. [AR 17.] The ALJ found that the medical evidence established that the plaintiff has severe impairments, including right tennis elbow, left ulnar tunnel syndrome, osteoarthritis of the low back and multiple joints, depression, a personality disorder, and a history of drug abuse. [AR 18.] The ALJ found that the plaintiff did not have an impairment or combination of impairments listed in or medically equal to one listed in the Act's listing of impairments. See 20 C.F.R. Pt. 404, Subpt. P, App. 1; [AR 18.] The ALJ found that the plaintiff's allegations regarding his limitations were not totally credible. [AR 22.] The

ALJ found that the plaintiff had the residual functional capacity to perform simple, unskilled work at the medium level of exertion. [AR 20, 22.] Considering the plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there were a significant number of jobs in the national economy which the plaintiff could perform. [AR 21]; see 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 203.21.

Accordingly, the ALJ concluded that the plaintiff was not under a disability, as defined by the Act. [AR 22.]

## THE PLAINTIFF'S CONTENTION

The plaintiff contends that the ALJ failed to give proper consideration to the opinion of his examining psychologist.

## DISCUSSION

In March 2000, Jeanette K. Townsend, Ph.D., an examining non-treating psychologist, completed a psychological evaluation of the plaintiff. Dr. Townsend diagnosed the plaintiff with depressive disorder (Axis 1) and personality disorder with paranoid and obsessional traits (Axis 2). [AR 152.] Dr. Townsend assessed the plaintiff with a Global Assessment of Functioning ("GAF") scale of 55[2] and opined that the plaintiff would not be able to "complete a normal day's work without interruption from his interpersonal problems." [AR 152.] Specifically, Dr. Townsend noted that the plaintiff's "memory is impaired so that he would have difficulty retaining instructions even if he [] initially understood them," "would take longer to learn

---

[2] A GAF score of 51 to 60 indicates "[m]oderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) 32 (4th ed. 1994).

basic work procedures," and "would have difficulty in his relationships with supervisors, co-workers and the general public because of his personality traits." [AR 152.] Dr. Townsend also completed a Mental Assessment Form in which she rated the plaintiff as "moderately limited" in the following categories: the ability to remember locations and work-like procedures; the ability to understand and remember detailed instructions; the ability to carry out detailed instructions; the ability to work in coordination with or proximity to others without being distracted by them; the ability to complete a normal work day and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; the ability to interact appropriately with the general public; the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness. [AR 154-60.] Dr. Townsend also found that the plaintiff was "markedly limited" in the ability to accept instructions and respond appropriately to criticism from supervisors. [AR 158.]

    The ALJ disagreed with Dr. Townsend's assessment of the plaintiff. Although the ALJ acknowledged that the plaintiff's memory was impaired, the ALJ criticized Dr. Townsend's opinion due to a lack of "any mental pathology." [AR 20.] This reason is conclusory and contradicted by Dr. Townsend's findings on examination. [AR 148-60]; See Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)("[t]he ALJ must do more than offer his conclusions[;][h]e must set forth his own interpretations and explain why they, rather than the doctors', are correct"). Dr. Townsend's clinical observations and the plaintiff's

test results are consistent with Dr. Townsend's conclusion that the plaintiff suffers from a mental impairment.  Further, a lack of objective evidence is not a valid reason for rejecting a diagnosis of mental illness.  Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988)("[t]o say that medical opinions are not supported by sufficient objective findings . . . does not achieve the level of specificity our prior cases have required . . . .").

The ALJ also stated that Dr. Townsend's findings were contradicted by the opinion of another examining physician, psychiatrist Barry Edelman, M.D.  [AR 20.]  The ALJ's statement is only partly true.  Dr. Edelman examined the plaintiff in November 1997 and opined that the plaintiff was capable of following simple instructions.  [AR 114-19.]  Dr. Edelman also found, however, that the plaintiff suffered from a mental impairment.  He diagnosed the plaintiff with amphetamine abuse, history of alcohol abuse, "rule out depressive disorder NOS, as indicated by chronic depressed mood, low energy, difficulty sleeping, and some anhedonia," and "rule out antisocial personality disorder as manifested by intensive incarceration in state prison and chronic inability to tolerate authority and chronic irritability with people."  [AR 118.]  The Commissioner asserts that it was within the province of the ALJ to resolve conflicts in the medical evidence.  [Joint Stipulation, p. 8 (citing Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).]  The ALJ's findings, however, must still be based on substantial evidence supported by the record as a whole.  42 U.S.C. § 405(g); see also Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  To meet this standard, the ALJ need not discuss all of the evidence presented but must explain why he rejected "significant probative evidence."

Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984); see 20 C.F.R. § 404.1520(a).  In this case, the ALJ ignored many of the work-related limitations that Dr. Townsend identified in the Mental Assessment Form.  [AR 19-20, 154-60.]  For example, the ALJ did not even mention Dr. Townsend's findings that the plaintiff was "markedly limited" in the ability to accept instructions and respond appropriately to criticism from supervisors and "moderately limited" in the ability to carry out detailed instructions, the ability to work in coordination with or proximity to others without being distracted by them, and the ability to perform at a consistent pace without an unreasonable number and length of rest periods.  [AR 154-60.]  The ALJ also failed to address Dr. Townsend's finding that the plaintiff would take longer to learn basic work procedures.  [AR 152.]  Because the ALJ failed to provide any reasons for rejecting such significant, probative evidence, the decision to reject Dr. Townsend's opinion is not supported by substantial evidence.  Vincent, 739 F.2d at 1394-95. Moreover, Dr. Townsend examined the plaintiff in March 2000, more than two years after Dr. Edelman conducted his evaluation of the plaintiff. Thus, Dr. Townsend's opinion is highly probative of the plaintiff's condition.  See, e.g., Osenbrock v. Apfel, 240 F.3d 1157, 1165 (2000)("[a] treating physician's most recent medical reports are highly probative).

The ALJ also found that the plaintiff's daily activities and failure to seek psychiatric treatment were inconsistent with the plaintiff's claim of disability.  These reasons do not provide an adequate basis for rejecting Dr. Townsend's opinion.  The record reveals that the plaintiff's daily activities consist of listening to country music, reading, visiting with friends, performing some

household chores, occasionally riding a borrowed bicycle, meeting with a probation officer, and attending a drug rehabilitation group. [AR 86-91.] The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits. Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001); see also Reddick, 157 F.3d at 722 (stating that claimants "should not be penalized for attempting to lead normal lives in the face of their limitations"). The ability to do the limited activities described by the plaintiff does not demonstrate the ability to work eight hours a day, five days a week. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). Consequently, the ALJ was obligated to link the claimant's daily activities to the ability to perform full-time work. See Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990). The ALJ made no attempt to do so here. The plaintiff's failure to seek treatment is also not a valid reason to reject Dr. Townsend's opinion "both because mental illness is notoriously underreported and because 'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" Regennitter v. Commissioner of Social Sec. Admin., 166 F.3d 1294, 1299-1300 (9th Cir. 1999)(quoting Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996)).

Accordingly, the ALJ's decision to reject the opinion of Dr. Townsend is not supported by substantial evidence.

## **CONCLUSION**

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an

immediate award of benefits. Id. at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id.; Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Here, there are outstanding issues that must be resolved because the ALJ failed to address properly the opinion of the plaintiff's examining psychologist, Dr. Townsend. Thus, it is not clear whether the plaintiff would be able to perform other work that exists in significant numbers in the economy, given the full extent of his limitations. Consequently, remand is necessary.

**ORDER OF REMAND**

In accordance with the foregoing discussion, the magistrate judge finds that the plaintiff has shown good cause for remanding the case to the Commissioner.

IT IS ORDERED that this case be remanded to the Commissioner of the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with the reasons set forth herein.

Dated: August 31, 2005

_____/S/_____
JAMES W. McMAHON
United States Magistrate Judge